UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
CIVIL MINUTES

---

| | | | |
|---|---|---|---|
| Case Title : | Carlos Gabriel Matos | Case No : | 10-25835 - E - 13L |
| | | Date : | 9/7/10 |
| | | Time : | 02:00 |

Matter : [33] - Motion/Application to Confirm/Modify Chapter 13 Plan [BH-2] Filed by Debtor Carlos Gabriel Matos (jdas)

Judge : Ronald H. Sargis
Courtroom Deputy : Janet Larson
Reporter : Diamond Reporters
Department : E

APPEARANCES for :
Movant(s) :
    Debtor(s) Attorney - Bradford Hodach
Respondent(s) :
    Neil Enmark (for the Trustee)

---

MOTION was :
Denied
See Findings of fact and conclusions of law below

The court will issue a minute order.


Local Rule 9014-1(f)(1) Motion Opposition Filed.

Proper Notice Not Provided. The Proof of Service filed on July 28, 2010, states that on July 27, 2010, the Motion and supporting pleadings were served on Debtor, Debtor's Attorney, Chapter 13 Trustee, other parties in interest, and Office of the United States Trustee. By the court's calculation, 42 days' notice was provided.

The Motion to Confirm the Plan has been set for hearing on the notice required by Local Bankruptcy Rule 9014-1(f)(1), General Order 05-03, Paragraph 8(a), and Federal Rule of Bankruptcy Procedure 2002(b). The Trustee having filed an opposition, the court will address the merits of the motion.

The court's decision is to deny the Motion to Confirm the Amended Plan.

11 U.S.C. 1323 permits a debtor to amend a plan any time before confirmation. However, here the Debtor filed the motion, notice of hearing, declaration, and exhibits in this matter as one document. This is not the practice in the Bankruptcy Court. "Motions, notices, objections, responses, replies, declarations, affidavits, other documentary evidence, memoranda of points and authorities, other supporting documents, proofs of service, and related pleadings shall be filed as separate documents." Revised Guidelines for the Preparation of Documents, (3)(a). Counsel is reminded of the court's expectation that documents filed with this court comply with the Revised Guidelines for the Preparation of Documents in Appendix II of the Local Rules, as required by Local Bankruptcy Rule 9014-1(d)(1). This failure is cause to deny the motion. Local Bankr. R. 1001-1(g), 9014-1(l).

Further, Debtor has failed to meet the burden of proving the requirements of confirmation. See Amfac Distribution Corp. v. Wolff (In re Wolff), 22 B.R. 510, 512 (9th Cir. B.A.P. 1982) (holding that the proponent of a Chapter 13 plan has the burden of proof as to confirmation). Such evidence, typically in the form of a debtor's declaration enumerating the elements of 11 U.S.C. 1325(a), is required. See Local Bankr. R. 9014-1(d)(6).

Debtor's Plan also fails to provide the for the claim secured by the second deed of trust on Debtors residence. No motion to determine the secured value of the claim has been filed. Paying the claim of Washington Mutual, which appears to be subject to valuation pursuant to 11 U.S.C. 506(a), undercuts distributions to general unsecured creditors. This is unfair discrimination, 11 U.S.C. 1322(b)(1), and is reason to deny confirmation, 11 U.S.C. 1325(a)(1). Failing to provide for the claim impairs the feasability of the plan payment. This too is cause to deny confirmation. 11 U.S.C. 1325(a)(6).

Debtor has not yet filed the "Rights and Responsibilities of Chapter 13 Debtors and Their Attorneys." Filing of this form is required. See Guidelines for Payment of Attorneys' Fees in Chapter 13 Cases. This failure is also cause to deny confirmation. Local Bankr. R. 1001-1-(g).

Debtor's Amended Plan also calls for a step plan payment of $100.00 for four months, $4,345.00 for twenty months, and then $4,700.00 for thirty-six months. Debtor does not provide any evidence of the ability to increase the plan payment in the twenty-fifth month nor why the plan payment is only $100.00 during the first four months. The Schedule J shows net income of $4,505.40. It appears that Debtor's set payment plan fails to provide all of Debtor's disposable income to the Plan while at the same time not being feasible. This is cause to deny confirmation. 11 U.S.C. 1325(a)(6), (b).

Debtor's Plan also fails to address how Debtor will cure the three missed Class 1 mortgage payments caused by Debtor's step plan payment. Such a provision is required, 11 U.S.C. 1322(b)(5), and the failure to include the provision is cause to deny confirmation, 11 U.S.C. 1325(a)(1).

The amended Plan does not comply with 11 U.S.C. 1322 and 1325 and is not confirmed.

Many of these objections were previously raised and sustained by the court. (Civ. Min., May 25, 2010.) Rather than addressing these concerns, Debtor elected to file a Plan essentially similar to the prior plan this court did not confirm. This new filing forced the court to readdress this same objections, wasting precious judicial resources. Debtor's Counsel is to personally appear at the hearing in Sacramento and explain how the filing of this Plan and the motion to confirm did not cause unnecessary delay or the needless increase in costs of administration of the Estate.

The court shall issue a minute order substantially in the following form holding that:

Findings of Fact and Conclusions of Law are stated in the Civil Minutes for the hearing.

The Motion to Confirm the Chapter 13 Plan filed by the Debtor having been presented to the court, and upon review of the pleadings, evidence, arguments of counsel, and good cause appearing,

IT IS ORDERED that Motion to Confirm the Plan is denied and the proposed Chapter 13 Plan is not confirmed.